EX PARTE JEFFEREY SCOTT LEWIS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-06-018-CR

         2-06-081-CR

EX PARTE JEFFREY SCOTT LEWIS

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jeffrey Scott Lewis appeals the trial court’s rulings on his two pretrial requests seeking a reduction of his bond.  Specifically, he appeals the trial court’s February 21, 2006 order dismissing his preindictment application for writ of habeas corpus for want of prosecution and the trial court’s January 13, 2006 order denying his request for a hearing on his postindictment application for writ of habeas corpus. 

Even though the trial court held a hearing on appellant’s preindictment application for writ of habeas corpus on August 11, 2005—and orally denied the requested bond reduction—the judge did not sign a written order denying relief on the merits of the application.  Instead, some five months later, the trial court issued a written order dismissing the cause for want of prosecution.  But because an appeal may be taken only from a district court’s order that rules on the 
merits 
of the applicant’s claim, appellant does not have the right to appeal from this dismissal.  
See
 Ex parte Hargett
, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991)
.  Nor does appellant have the right to appeal from the trial court’s refusal to hold a hearing on his postindictment application for writ of habeas corpus.  
See id.
(footnote: 2) 
 

We disagree with appellant that the orders are appealable because the trial court did “actually rule” on the merits of his claims.  While the trial court made an oral ruling on appellant’s first bond reduction request, this ruling was never reduced to a written order.  And it is the written order 
that memorializes the judge’s intent to authenticate the action taken.  
State v. Shaw
, 4 S.W.3d 875, 877-78 (Tex. App.—Dallas 1999, no pet.); 
see also State v. Rosenbaum
, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991) (holding that the term “entered by the court” encompasses the signing of an order by the trial court judge).  
Accordingly, the record contains no order addressing the merits of either application for habeas relief.  

Because there is no right to appeal from either the trial court’s dismissal of appellant’s preindictment application for writ of habeas corpus or the trial court’s refusal to hold a hearing on the postindictment application, we grant the State’s motion to dismiss and dismiss these appeals for want of jurisdiction.
  
See
 
Tex. R. App. P.
 43.2(f).

BOB MCCOY

JUSTICE

PANEL D: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

PUBLISH

DELIVERED:  June 8, 2006

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
When a judge refuses to rule on the merits of an application for writ of habeas corpus, the applicant may file a petition for writ of mandamus requesting that the trial judge be ordered to rule.  
See Ex parte Cozzi
, 138 S.W.3d 454, 455 (Tex. App.—Fort Worth 2004, pet. ref’d).  If the trial court refuses to hold a hearing, the applicant may present the application to another district judge having jurisdiction or, under proper circumstances, pursue a writ of mandamus.  
See Hargett
, 819 S.W.2d at 868.