Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







IN RE: ERIC FLORES,

                            Relator.

§
 
§
 
§
 
§
 
§
 
 § 




No. 08-07-00019-CR

AN ORIGINAL PROCEEDING
                        IN MANDAMUS



 

 

 




MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

            Relator, Eric Flores, filed a petition and supplement for writ of mandamus. Flores seeks
mandamus relief against the 120th Judicial District Court. For the following reasons, relief is
denied. 
            In order to obtain relief through a writ of mandamus, a relator must establish: (1) no other
adequate remedy at law is available and (2) that the act he seeks to compel is ministerial. Dickens
v. Court of Appeals For Second Supreme Judicial Dist. of Texas, 727 S.W.2d 542, 548
(Tex.Crim.App. 1987). An act is ministerial if it does not involve the exercise of any discretion. 
State ex rel. Hill v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927 (Tex.Crim.App. 
2001). However, a so-called discretionary function may become ministerial when the facts and
circumstances dictate but one rational decision. Buntion v. Harmon, 827 S.W.2d 945, 948 n.2
(Tex.Crim.App. 1992).
            Flores filed a petition for writ of mandamus and a supplement to his petition seeking the
following relief: (1) to compel the trial court to quash the indictment of arson against him in cause
no. 20060D04640, (2) to compel the trial court to issue a bond by personal recognizance since he
is indigent and cannot pay the cash surety bond set by the trial court, and (3) the trial court has
abused its authority by purposefully extending the period of time between court settings, he has not
been allowed to adequately plead, prepare, and proceed to trial, the trial court Judge has allowed him
to be threatened and intimidated, the trial court will not give him a fair and full trial, and the court
refuses to give him a copy of his indictment. Based on record before us, Flores has not established
he does not have adequate remedies at law or that the acts he seeks to compel were ministerial. See
Tex.R.App.P. 52.8(a).
            In addition, Flores also seeks mandamus relief to require the trial court to issue and grant his
petition for writ of habeas corpus. First, this Court does not have the authority to tell the court how
to act, but in certain situations we may order the court to act. See In re Villarreal, 96 S.W.3d 708,
710 (Tex.App.--Amarillo 2003, orig. proceeding)(When a trial court has yet to act on a matter,
authority entitles us only to order the court to act; it does not allow us to order it to make a particular
decision.). Thus, this Court does not have the authority to compel the trial court to grant Flores’ writ
of habeas corpus. See In re Hearn, 137 S.W.3d 681, 685 (Tex.App.--San Antonio 2004, orig. 
proceeding)(An appellate court may direct the trial court to consider and rule on pending matters,
but an appellate court cannot tell the trial court what ruling it should make.).
            Secondly, before mandamus relief will issue, a petitioner must establish the trial court has
refused to rule on the merits of his application for writ of habeas corpus. See Ex parte Lewis, 196
S.W.3d 404, 405 n.2 (Tex.App.--Fort Worth 2006, no pet.)(When a judge refuses to rule on the
merits of an application for writ of habeas corpus, the applicant may file a petition for writ of
mandamus requesting that the trial judge be ordered to rule.). Here, Flores has not provided us with
a record indicating the trial court has refused to rule on his application for writ of habeas corpus. 
Based on the record provided to us, Flores has failed to demonstrate he is entitled to the relief he has
requested. See Tex.R.App.P. 52.8(a). Accordingly, we deny mandamus relief.


March 8, 2007                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)