COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-280-CR

 

 

EX PARTE                                                                                          

 

 

 

BRANDI NICHOLE WHISTANCE                                                              

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Brandi Nichole Whistance
appeals from the trial court=s denial of relief on her application for writ of habeas corpus.  We affirm.

Background








On February 8, 2005,
appellant pled guilty to forgery of a government instrument, and the trial
court placed her on four years= deferred adjudication community supervision.  Appellant did not appeal.  On March 15, 2006, the State filed a petition
to adjudicate, which it amended on January 19, 2007.  On April 4, 2007, appellant filed an
application for writ of habeas corpus Apursuant to Articles 11.05 and 11.08@ of the code of criminal procedure, alleging that her initial plea was
involuntary.  See Tex. Code Crim. Proc. Ann. arts. 11.05,
11.08 (Vernon 2005).

The State filed a motion to
dismiss the application on April 5, 2007, alleging that the application should
have been filed under article 11.072 of the code of criminal procedure rather
than articles 11.05 and 11.08.  Id.
art. 11.072.  On April 5, 2007, appellant
supplemented her application, alleging that it was also being brought under
article 11.072.  The trial court granted
the State=s motion to
dismiss appellant=s
application insofar as it sought relief under any statute other than article
11.072.[1]


On May 4, 2007, the State
filed a response to appellant=s application under article 11.072, as well as proposed findings of
fact and conclusions of law.  Although
appellant requested an evidentiary hearing on her application, the trial court
denied her request.  On June 29, 2007,
the trial court signed an order adopting the State=s proposed findings of fact and conclusions of law and denying habeas
relief.








 

Analysis

In her application, appellant
alleged that at her original plea hearing, the trial court=s staff ordered her to submit to a urinalysis, which tested positive
for methamphetamine.  The trial judge
informed her that she was being placed under arrest for Adrug use,@ at which
point appellant was taken into custody and placed in a holdover cell.  AShortly thereafter,@ the trial court accepted appellant=s guilty plea and placed her on four years= deferred adjudication community supervision.  After the trial court released appellant to
probation officials, she admitted to them that she was using methamphetamine
four times per week.  In an affidavit
attached to her application, appellant averred that she was under the influence
of methamphetamines when she pled guilty and that Abut for [her] being under the influence of methamphetamines on
February 8, 2005, [she] would never have pled guilty.@ 








The State filed a response to
appellant=s
application, in which it contended that even though appellant tested positive
for methamphetamines on the day she pled guilty, there is no evidence that she
was feeling the effect of the drugs or that she was under their influence at
that time.  The State attached a document
from the U.S. Department of Transportation, entitled ANHTSA - Drugs and Human Performance Fact Sheets,@ which indicates that the effects of methamphetamine last from 4-8
hours with residual effects lasting up to 12 hours.  However, a urinalysis that is positive for
methamphetamine Agenerally
indicate[s] use within 1-4 days but could be up to a week following heavy
chronic use.@[2]  According to the State,
therefore, appellant=s positive
urinalysis proves only that appellant had used methamphetamines Awithin the last couple days.@  See Clark v. State, No.
04-01-00296-CR, 2003 WL 1030291, at *1 (Tex. App.CSan Antonio Mar. 12, 2003, no pet.) (mem. op.) (not designated for
publication) (holding that Apositive test for illegal drugs did not warrant a competency inquiry@ for purposes of determining whether the appellant was competent to be
sentenced when there was no evidence that the appellant was still under the
influence of illegal drugs at the time of the hearing or of how his competency
would have been affected by any such influence).








The State also attached
affidavits from the trial judge who took appellant=s plea and appellant=s court-appointed counsel when she entered the plea.  The trial judge averred that he had no
personal recollection of appellant=s plea but that he would not have allowed her to enter a plea if she
had been under the influence of methamphetamine to the point that it affected
her ability to plead freely, voluntarily, and knowingly.  The remainder of the affidavit reads as
follows:

ATypically,
when a defendant is intoxicated or impaired, the bailiffs will take
notice.  If the bailiff does not notice,
the defense attorney will most certainly notice as he has the most interaction
with the defendant.  The State may also
take notice if a defendant is not acting Anormal.@  Once someone notices something unusual, they
will tell me and the plea will not continue.

 

AIn
addition, Hon. Sam Williams was the prosecutor in this case.  I personally know that Hon. Williams was
previously an Arlington Police Officer. 
From my training and experience, I know that Arlington Police Officers
are trained to recognize the signs of intoxication and impairment from the use
of drugs and alcohol.  I am confident
that Hon. Williams would have noticed if Applicant was impaired from the use of
methamphetamines.

 

AFurther,
I interact with a defendant during a plea to inquire whether the plea is freely
[sic], knowingly [sic], and voluntary.  I
will admonish the defendant and ask her questions.  If I notice anything unusual, the plea will
not continue.

 

AI
have witnessed individuals under the influence of methamphetamines and can
recognize the symptoms.  If Applicant was
under the influence of methamphetamines to the point that she was unable to
plead freely, voluntarily, or knowingly, I would have noticed.  I would not have accepted Applicant=s
plea if she was intoxicated or impaired. 

 








Appellant=s appointed counsel averred that he remembered being asked by the
trial judge on February 8, 2005 if he would take an appointment.  According to appellant=s counsel, appellant was

anxious
to settle the case because there was an active warrant from the Court.  She could either take the plea bargain offer
. . . that day or she could go back to jail and await her trial with no bond.  She was further motivated to take the plea
when I reminded her that if she held out she would increase her chances for
federal prosecution.  All in all, she was
very happy at the outcome of her case. 

 

Counsel further averred that at the time of
appellant=s plea, Ashe did not appear to be euphoric or incapacitated, which [he] would
have noticed along with the bailiffs, clerks, and probation officers.@  Counsel said it was his
opinion that appellant Awas in full
command of her faculties@ and that A[h]ad she been impaired or under the influence of drugs or alcohol
[he] would have had a duty to bring her condition to the attention of the
Court.@  Finally, appellant=s counsel averred that appellant was able to read and sign all of her
plea papers and that her Afirm and
consistent@ signatures Abelie her claim that she was impaired at her plea.@








In denying appellant relief,
the trial court adopted the State=s findings of fact and conclusions of law.  Specifically, the trial court found and
concluded that appellant failed to prove that she was impaired at the time of
her plea simply because her urinalysis that day was positive for
methamphetamine.  The findings also
accepted as true the statements in the affidavits from the trial judge and
appointed counsel. 








We generally review a trial
court=s decision to grant or deny relief on a writ of habeas corpus under an
abuse of discretion standard of review.  Ex parte Cummins, 169 S.W.3d 752, 755
(Tex. App.CFort Worth
2005, no pet.); Ex parte Mann, 34 S.W.3d 716, 718 (Tex. App.CFort Worth 2000, no pet.).  In
reviewing the trial court=s decision,
we review the facts in the light most favorable to the trial judge=s ruling.  Ex parte Peterson,
117 S.W.3d  804, 819 (Tex. Crim. App.
2003), overruled in part on other grounds by Ex parte Lewis, 219 S.W.3d
335, 371 (Tex. Crim. App. 2007); Arreola v. State, 207 S.W.3d 387, 391
(Tex. App.CHouston [1st
Dist.] 2006, no pet.).  We afford almost
total deference to the trial court=s determination of historical facts supported by the record,  especially when the trial court=s fact findings are based on an evaluation of credibility and
demeanor.  Peterson, 117 S.W.3d at
819; Arreola, 207 S.W.3d at 391. 
This deferential review applies even when Ano witnesses testify and all of the evidence is submitted in written
affidavits.@  Ex parte Wheeler, 203 S.W.3d 317,
325-26 (Tex. Crim. App. 2006).  In a
habeas proceeding, the applicant has the burden of proving that an error
contributed to his or conviction or punishment. 
Ex parte Williams, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001); Ex
parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995), cert. denied,
518 U.S. 1021 (1996); Cummins, 169 S.W.3d at 757.








The only evidence showing
that appellant was actually experiencing the effects of methamphetamine use at
the time of her plea was from appellant. 
Although the State admits that appellant=s urinalysis on the day of her plea was positive for methamphetamine,
the State also presented evidence that a positive urinalysis does not
necessarily indicate that a person is under the influence of methamphetamine at
the time of the test.  Aside from the
positive urinalysis and her conclusory statement that she was under the
influence of methamphetamine at the time of her plea, appellant did not explain
how the mere fact that she had used methamphetamine at some time over the last
several days affected the voluntariness of her plea.  See Clark, 2003 WL 1030291, at
*1.  Moreover, the State offered evidence
showing that no one in the courtroom witnessed any behavior that would have
indicated that appellant was under the influence of methamphetamine at the time
of her plea; the only evidence to the contrary, from appellant alone, is not
sufficient to prove her allegations.  See
Ex parte Empey, 757 S.W.2d 771, 775 (Tex. Crim, App. 1988); Cummins,
169 S.W.3d at 758.  Accordingly, we
conclude and hold that the trial court did not abuse its discretion by denying
appellant relief.

Conclusion

Having determined that the trial court did not abuse its discretion by
denying appellant relief on her application for writ of habeas corpus, we
affirm the trial court=s order.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 4, 2007











[1]A
trial court=s
ruling on a habeas corpus application is appealable only if the trial court
considers and resolves the merits of the application.  Ex parte Hargett, 819 S.W.2d 866, 869
(Tex. Crim. App. 1991); Ex parte Lewis, 196 S.W.3d 404, 405 (Tex. App.CFort
Worth 2006, no pet.).





[2]Appellant
admitted to probation officials that she was using methamphetamine four times
per week.