EX PARTE WHISTANCE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-280-CR

EX PARTE 

BRANDI NICHOLE WHISTANCE 

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Brandi Nichole Whistance appeals from the trial court’s denial of relief on her application for writ of habeas corpus.  We affirm.

Background

On February 8, 2005, appellant pled guilty to forgery of a government instrument, and the trial court placed her on four years’ deferred adjudication community supervision.  Appellant did not appeal.  On March 15, 2006, the State filed a petition to adjudicate, which it amended on January 19, 2007.  On April 4, 2007, appellant filed an application for writ of habeas corpus “pursuant to Articles 11.05 and 11.08” of the code of criminal procedure, alleging that her initial plea was involuntary.  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 11.05, 11.08 (Vernon 2005).

The State filed a motion to dismiss the application on April 5, 2007, alleging that the application should have been filed under article 11.072 of the code of criminal procedure rather than articles 11.05 and 11.08.  
Id
. art. 11.072.  On April 5, 2007, appellant supplemented her application, alleging that it was also being brought under article 11.072.  The trial court granted the State’s motion to dismiss appellant’s application insofar as it sought relief under any statute other than article 11.072.
(footnote: 1) 

On May 4, 2007, the State filed a response to appellant’s application under article 11.072, as well as proposed findings of fact and conclusions of law.  Although appellant requested an evidentiary hearing on her application, the trial court denied her request.  On June 29, 2007, the trial court signed an order adopting the State’s proposed findings of fact and conclusions of law and denying habeas relief.

Analysis

In her application, appellant alleged that at her original plea hearing, the trial court’s staff ordered her to submit to a urinalysis, which tested positive for methamphetamine.  The trial judge informed her that she was being placed under arrest for “drug use,” at which point appellant was taken into custody and placed in a holdover cell.  “Shortly thereafter,” the trial court accepted appellant’s guilty plea and placed her on four years’ deferred adjudication community supervision.  After the trial court released appellant to probation officials, she admitted to them that she was using methamphetamine four times per week.  In an affidavit attached to her application, appellant averred that she was under the influence of methamphetamines when she pled guilty and that “but for [her] being under the influence of methamphetamines on February 8, 2005, [she] would never have pled guilty.” 

The State filed a response to appellant’s application, in which it contended that even though appellant tested positive for methamphetamines on the day she pled guilty, there is no evidence that she was feeling the effect of the drugs or that she was under their influence at that time.  The State attached a document from the U.S. Department of Transportation, entitled “NHTSA - Drugs and Human Performance Fact Sheets,” which indicates that the effects of methamphetamine last from 4-8 hours with residual effects lasting up to 12 hours.  However, a urinalysis that is positive for methamphetamine “generally indicate[s] use within 1-4 days but could be up to a week following heavy chronic use.”
(footnote: 2)  According to the State, therefore, appellant’s positive urinalysis proves only that appellant had used methamphetamines “within the last couple days.”  
See Clark v. State
, No. 04-01-00296-CR, 2003 WL 1030291, at *1 (Tex. App.—San Antonio Mar. 12, 2003, no pet.) (mem. op.) (not designated for publication) (holding that “positive test for illegal drugs did not warrant a competency inquiry” for purposes of determining whether the appellant was competent to be sentenced when there was no evidence that the appellant was still under the influence of illegal drugs at the time of the hearing or of how his competency would have been affected by any such influence).

The State also attached affidavits from the trial judge who took appellant’s plea and appellant’s court-appointed counsel when she entered the plea.  The trial judge averred that he had no personal recollection of appellant’s plea but that he would not have allowed her to enter a plea if she had been under the influence of methamphetamine to the point that it affected her ability to plead freely, voluntarily, and knowingly.  The remainder of the affidavit reads as follows:

“Typically, when a defendant is intoxicated or impaired, the bailiffs will take notice.  If the bailiff does not notice, the defense attorney will most certainly notice as he has the most interaction with the defendant.  The State may also take notice if a defendant is not acting “normal.”  Once someone notices something unusual, they will tell me and the plea will not continue.

“In addition, Hon. Sam Williams was the prosecutor in this case.  I personally know that Hon. Williams was previously an Arlington Police Officer.  From my training and experience, I know that Arlington Police Officers are trained to recognize the signs of intoxication and impairment from the use of drugs and alcohol.  I am confident that Hon. Williams would have noticed if Applicant was impaired from the use of methamphetamines.

“Further, I interact with a defendant during a plea to inquire whether the plea is freely [sic], knowingly [sic], and voluntary.  I will admonish the defendant and ask her questions.  If I notice anything unusual, the plea will not continue.

“I have witnessed individuals under the influence of methamphetamines and can recognize the symptoms.  If Applicant was under the influence of methamphetamines to the point that she was unable to plead freely, voluntarily, or knowingly, I would have noticed.  I would not have accepted Applicant’s plea if she was intoxicated or impaired. 

Appellant’s appointed counsel averred that he remembered being asked by the trial judge on February 8, 2005 if he would take an appointment.  According to appellant’s counsel, appellant was

anxious to settle the case because there was an active warrant from the Court.  She could either take the plea bargain offer . . . that day or she could go back to jail and await her trial with no bond.  She was further motivated to take the plea when I reminded her that if she held out she would increase her chances for federal prosecution.  All in all, she was very happy at the outcome of her case. 

Counsel further averred that at the time of appellant’s plea, “she did not appear to be euphoric or incapacitated, which [he] would have noticed along with the bailiffs, clerks, and probation officers.”  Counsel said it was his opinion that appellant “was in full command of her faculties” and that “[h]ad she been impaired or under the influence of drugs or alcohol [he] would have had a duty to bring her condition to the attention of the Court.”  Finally, appellant’s counsel averred that appellant was able to read and sign all of her plea papers and that her “firm and consistent” signatures “belie her claim that she was impaired at her plea.”

In denying appellant relief, the trial court adopted the State’s findings of fact and conclusions of law.  Specifically, the trial court found and concluded that appellant failed to prove that she was impaired at the time of her plea simply because her urinalysis that day was positive for methamphetamine.  The findings also accepted as true the statements in the affidavits from the trial judge and appointed counsel. 

We generally review a trial court’s decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard of review. 
 Ex parte Cummins
, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.); 
Ex parte Mann
, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).  In reviewing the trial court’s decision, we review the facts in the light most favorable to the trial judge’s ruling.  
Ex parte Peterson
, 117 S.W.3d  804, 819 (Tex. Crim. App. 2003), 
overruled in part on other grounds by Ex parte Lewis
, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); 
Arreola v. State
, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  We afford almost total deference to the trial court’s determination of historical facts supported by the record,  especially when the trial court’s fact findings are based on an evaluation of credibility and demeanor.  
Peterson
, 117 S.W.3d at 819; 
Arreola
, 207 S.W.3d at 391.  This deferential review applies even when “no witnesses testify and all of the evidence is submitted in written affidavits.”  
Ex parte Wheeler
, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006).  In a habeas proceeding, the applicant has the burden of proving that an error contributed to his or conviction or punishment.  
Ex parte Williams
, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001); 
Ex parte Thomas
, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995), 
cert. denied
, 518 U.S. 1021 (1996); 
Cummins
, 169 S.W.3d at 757.

The only evidence showing that appellant was actually experiencing the effects of methamphetamine use at the time of her plea was from appellant.  Although the State admits that appellant’s urinalysis on the day of her plea was positive for methamphetamine, the State also presented evidence that a positive urinalysis does not necessarily indicate that a person is under the influence of methamphetamine at the time of the test.  Aside from the positive urinalysis and her conclusory statement that she was under the influence of methamphetamine at the time of her plea, appellant did not explain how the mere fact that she had used methamphetamine at some time over the last several days affected the voluntariness of her plea.  
See
 
Clark
, 2003 WL 1030291, at *1.  Moreover, the State offered evidence showing that no one in the courtroom witnessed any behavior that would have indicated that appellant was under the influence of methamphetamine at the time of her plea; the only evidence to the contrary, from appellant alone, is not sufficient to prove her allegations.  
See Ex parte Empey
, 757 S.W.2d 771, 775 (Tex. Crim, App. 1988); 
Cummins
, 169 S.W.3d at 758.  Accordingly, we conclude and hold that the trial court did not abuse its discretion by denying appellant relief.

Conclusion

Having determined that the trial court did not abuse its discretion by denying appellant relief on her application for writ of habeas corpus, we affirm the trial court’s order.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED: October 4, 2007

FOOTNOTES
1:
A trial court’s ruling on a habeas corpus application is appealable only if the trial court considers and resolves the merits of the application
.  
Ex parte Hargett
, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); 
Ex parte Lewis
, 196 S.W.3d 404, 405 (Tex. App.—Fort Worth 2006, no pet.).

2:
Appellant admitted to probation officials that she was using methamphetamine four times per week.