Dismissed and Memorandum Opinion filed May 3, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00074-CR

____________

 

WARRAN PIERRE CANADY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1276450

 



 

MEMORANDUM
OPINION

This is an attempted appeal from the denial of appellant’s pro
se request to be released on a personal recognizance bond pending trial on
a charge of credit card abuse.[1]  The clerk’s record was filed April 21, 2011.  Our
record contains no order signed by the trial court.[2]   In the absence of a signed order, we lack
jurisdiction over this attempted appeal.  See Ex parte Lewis, 196 S.W.3d
404, 405 (Tex. App.—Fort Worth 2006, no pet.).

On January 11, 2011, a jury convicted appellant of fraudulent
use of a credit card in the underlying case.  The court sentenced appellant to
confinement for five years in the Institutional Division of the Texas
Department of Criminal Justice.  Therefore, the issue of pre-trial bond has now
been rendered moot.

Appellant filed a timely notice of appeal from his
conviction, and counsel was appointed to represent appellant in his appeal. 
The appeal from appellant’s judgment of conviction is pending before this court
under our appellate number 14-11-00073-CR.  Because appellant is represented by
counsel on appeal, he has no right to file a separate appeal.  See Robinson
v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (recognizing the established
rule that an appellant has no right to hybrid representation in Texas).  

Accordingly, this appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Justices
Frost, Jamison, and McCally.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]   Appellant
earlier sought a writ of mandamus to compel his release on a personal bond, but
we lacked jurisdiction to grant the requested relief.  See In re Canady, No.
14-10-01002-CR, 2010 WL 4400359 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010,
orig. proceeding) (not designated for publication).





[2]   Our
record contains a copy of a form letter to appellant, which reflects that the
trial court took no action on appellant’s “ notice of appeal on motion.”  The
form also states:  “Your motion has not been ruled on.  There is nothing to
appeal.”