Opinion issued August 4, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00420-CR

NO. 01-11-00421-CR

NO. 01-11-00422-CR

NO. 01-11-00423-CR

NO. 01-11-00542-CR

NO. 01-11-00543-CR

———————————

in re Ronnie wayne jackson, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

CONCURRING OPINION

          I concur in the denial of mandamus relief
in this case, but write to set forth the reason why denial is appropriate:  Neither of relator’s two petitions for writ
of mandamus complies with the Texas Rules of Appellate Procedure.  

Relator’s first petition is
defective because it lacks proof that relator served all parties to this
original proceeding with a copy of the petition.  See Tex. R. App. P. 9.5 (setting forth service
requirements for all documents presented to court).  In addition, the first petition was not
accompanied by any documents supporting relator’s claim that the trial court
refuses to rule on his applications for writs of habeas corpus, such as copies of
the pending writ applications and any requests that the trial judge rule on
those applications.  See Tex. R. App. P.
52.7(a) (requiring that relator file mandamus record containing certified or
sworn copies of all documents material to claim for relief).  

Relator’s second petition, i.e.,
the petition complaining about improper calculation of jail-time credit, also
suffers from an insufficient record.  See id. Although relator attached some
documents to his second petition, other documents material to his claim for
relief are missing.  For instance, relator
has not provided the Court with copies of the motions seeking additional
jail-time credit and any requests for a ruling on those motions.      

Before a writ of mandamus may issue
in a criminal matter, the relator must establish that the trial court (1) had a
legal duty to perform a non-discretionary act, (2) was asked to perform the
act, and (3) failed or refused to do so. 
See Ex parte Lewis, 196 S.W.3d
404, 405 n.2 (Tex. App.—Fort Worth 2006, no pet.); In re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig.
proceeding).  Given the deficiencies in
relator’s petitions, we cannot determine whether any of these things have
occurred.  

For these reasons, I join the
majority in denying relator’s petitions for writ of mandamus.

 

 

 

                                                                                                                                                                                                Jim Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Justice
Sharp, concurring.

Do
not publish.   Tex. R. App. P. 47.2(b).