The STATE of Texas, Appellant

v.

Matthew Neal COX, Appellee.

No. 2–06–171–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 23, 2007.

Charles M. Mallin, Chief, Appellate Division, District Attorney's Office, Fort Worth, TX, for Appellant.

Mark Daniel, Fort Worth, TX, for Appellee.

## OPINION

JOHN CAYCE, Chief Justice.

The State is attempting to appeal the trial court's ruling granting Matthew Neal Cox's motion to suppress. The primary issue we must decide is whether a docket sheet entry reflecting the trial court's oral ruling on Cox's motion to suppress constitutes a signed written order for purposes of appeal. Because we conclude that it does not, we dismiss the appeal for want of jurisdiction.

On April 4, 2006, after a hearing on Cox's motion to suppress, the trial court orally granted the motion and made a handwritten entry on the docket sheet reciting "motion to suppress granted," followed by writing that appears to be initials but which the State concedes is the judge's signature. Over the State's objection, however, the trial court declined to sign a written order memorializing its ruling. Thereafter, on May 22, 2006, the State filed its notice of appeal.

After receiving the State's notice of appeal, we notified the State of our concern that we lacked jurisdiction over the appeal because there is no appealable written order. In response, the State agreed that the docket sheet entry is not a written order from which an appeal may be taken, but requested the court "to clarify whether the current record contains a written order or not."

In his reply to the State's response, Cox moved to dismiss the appeal on the ground that the docket sheet entry constitutes an appealable order and that we have no jurisdiction over this appeal because the State's appeal from the "order" is untimely. Cox subsequently filed Appellee's Motion to Suspend Rules of Appellate Procedure and Remand to Trial Court for Hearing to Determine Existence of Written Order,[1] in which he requested that we abate the case and remand it for an evidentiary hearing by the trial court to clarify whether the trial court intended the docket sheet entry to serve as an order for purposes of appeal.

■ Article 44.01 of the code of criminal procedure provides the State authority to appeal an order of a court in a criminal case if the order grants a motion to suppress.[2] The appeal must be filed within fifteen days after the date on which the order, ruling, or sentence to be appealed is "entered by the court."[3] Appellate rule 26.2(b) contains the same limitation.[4] Thus, the question before us is whether the language "entered by the court" encompasses a docket sheet entry. We hold that it does not.

In *State v. Rosenbaum*,[5] the court of criminal appeals addressed the meaning of the phrase "entered by the court" contained in article 44.01(d). Reading article 44.01 as a whole, the court in *Rosenbaum* interpreted the phrase "entered by the court" as meaning the signing of an order by the trial judge, reasoning that the signing of a written order memorializes the trial court's intent to authenticate the action taken.[6] Thus, the court concluded the time for filing the State's notice of appeal under article 44.01 runs from the date the trial judge signs a written order.[7] The court reaffirmed this holding in two subsequent decisions.[8] Therefore, under *Rosenbaum* and its progeny a State's appeal under article 44.01 must be from a signed written order.[9]

1. *See* Tex.R.App. P. 2 ("On a party's motion . . . the appellate court may . . . suspend a rule's operation in a particular case and order a different procedure[.]").

2. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon 2006).

3. *Id.* art. 44.01(d).

4. Tex R.App P. 26.2(b) ("The notice of appeal must be filed within 15 days after the day the trial court enters the order, ruling, or sentence to be appealed.").

5. 818 S.W.2d 398 (Tex.Crim.App.1991).

6. *Id.* at 402.

7. *Id.* at 402–03.

8. *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim.App.1993); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex.Crim.App.1992) (orig.proceeding).

9. We recognize that at the time *Rosenbaum* was decided, former appellate rule 41(b)(1), the predecessor to rule 26.2(b), provided that the deadline for filing the State's notice of appeal ran from the date an appealable order was *signed* by the trial judge. *See* Tex R.App. P. 41(b)(1),707–708 S.W.2d (Tex.Cases) LIII (1986, amended 1997). The *Rosenbaum* court concluded that article 44.01 and former rule 41(b)(1) did not conflict because "entered by the court" encompassed the signing of the order. *Rosenbaum*, 818 S.W.2d at 402. Although rule 26.2(b) now tracks article 44.01 and provides that the State's appellate deadline runs from the date the trial court "enters

■ It is well settled that a docket sheet entry is not an order.[10] We have previously held that a docket sheet entry does not constitute a written order for the purpose of appealing the denial of a motion to dismiss and an application for writ of habeas corpus.[11] Similarly, our sister court in Dallas has held that a docket sheet entry does not constitute a written order for the purpose of appealing a ruling sustaining a double jeopardy claim under article 44.01.[12] Likewise, we now hold that a docket sheet entry does not constitute a written order for the purpose of appealing the granting of a motion to suppress under article 44.01.

Because the docket sheet entry in the case before this court does not satisfy the requirements of a signed written order for the purpose of the State's appeal under article 44.01, we conclude that there is no order in the record from which the State may appeal. Appellate rule 2 prohibits us from suspending the requirements of article 44.01 for the purpose of abating and remanding the case to allow the trial court

another opportunity to enter an appealable order.[13] Accordingly, we deny Cox's motion to suspend the rules of appellate procedure and dismiss the appeal for want of jurisdiction.[14]

DAUPHINOT, J., filed a dissenting opinion in which HOLMAN, J. joined.

LEE ANN DAUPHINOT, Justice, dissenting.

Because I would hold that the State filed its notice of appeal too late and therefore failed to trigger this court's jurisdiction in this appeal from a suppression order, I dissent.

I also disagree with the majority's identification of the primary issue in this case. I believe that the primary issue in this case is whether the trial court is required to reduce an evidentiary ruling to writing and enter a second, separate order when that evidentiary ruling is pronounced in open court on the record in the presence of both parties, and the dictated order in-

---

the order," no substantive changes between former rule 41(b)(1) and current rule 26.2(b) were intended. *See* Tex.R.App. P. 26.2, 948–949 S.W.2d (Tex.Cases) XCVII–XCVIII (1997) cmt. ("This is former rule 41.... Nonsubstantive changes are made in the rule for criminal cases."). Therefore, the change in wording between former rule 41(b)(1) and rule 26.2(b) is not significant to our decision. *See State v. Shaw,* 4 S.W.3d 875, 877 (Tex. App.-Dallas 1999, no pet.) (holding same).

10. *See State v. Garza,* 931 S.W.2d 560, 561–62 (Tex.Crim.App.1996); *Shaw,* 4 S.W.3d at 878; *Ex parte Wiley,* 949 S.W.2d 3, 4 (Tex.App.-Fort Worth 1996, no pet.).

11. *Wiley,* 949 S.W.2d at 4.

12. *Shaw,* 4 S.W.3d at 878; *see* Tex.Code Crim. Proc. Ann. art. 44.01(a)(4).

13. *See* Tex.R.App. P. 2 ("[A] court must not construe this rule to suspend any provision of the Code of Criminal Procedure[.]").

14. *See Ex parte Lewis,* 196 S.W.3d 404, 405 (Tex.App.-Fort Worth 2006, no pet.); *Wiley,* 949 S.W.2d at 4 (both dismissing appeals for want of jurisdiction where no appealable order had been signed).

We do not address the question of whether the trial court abused its discretion by refusing to enter a signed written order granting the motion to suppress because we have no jurisdiction to address that issue. If the State believes the trial court's refusal to issue a written order is improper, that issue may be addressed by mandamus. *In re Hancock,* 212 S.W.3d 922, 926 (Tex.App.-Fort Worth 2007, orig. proceeding) (granting mandamus relief in a criminal proceeding); *cf. In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 134–36 (Tex.2004) (orig.proceeding) (holding that mandamus relief is proper where the trial court's clear abuse of discretion deprived the relator of an adequate appellate remedy).

cludes the findings of fact and conclusions of law upon which the ruling was based.

A ruling on a motion to suppress is simply an evidentiary ruling. As the Texas Court of Criminal Appeals has explained, "A 'motion to suppress' evidence is nothing more than a specialized objection to the admissibility of that evidence."[1] A motion to suppress asks the court for an evidentiary ruling.[2] The motion may be in writing or it may be oral.[3] It may be made pretrial or at any time during trial until the evidence has been admitted.[4] If a motion to suppress is denied, no further objection is required to preserve the complaint.[5]

Evidentiary rulings are not required to be reduced to written orders if the ruling clearly appears in the record.[6] Consequently, it follows that a ruling on a motion to suppress that is dictated into the record in the presence of the parties and that is adverse to the State does not have to be again reduced to writing if the ruling clearly appears in the record.

*State v. Cullen*,[7] which the Texas Court of Criminal Appeals handed down recently, supports my conclusion that a written order reciting the adverse ruling on the motion to suppress is unnecessary when the ruling clearly appears in the reporter's record. In that case, the court announced the new requirement that the trial court must enter findings of fact and conclusions of law when requested in ruling on all motions to suppress, not just those dealing with statements of the defendant.[8] The *Cullen* court made clear that its new rule requiring the trial court to enter findings of fact and conclusions of law in ruling on all motions to suppress would not require extra work for busy trial judges,[9] apparently relying on the well-established rule in criminal cases that the writing requirement is satisfied by dictation into the record and subsequent transcription.[10] The *Cullen* court explained,

> We do not intend to create additional work for the trial courts; we are simply asking the trial courts to inform us of the findings of fact upon which their conclusion is based. *The findings and conclusions need to be recorded in some way, whether written out and filed by*

1. *Galitz v. State*, 617 S.W.2d 949, 958 (Tex. Crim.App.1981).

2. *Cobb v. State*, 85 S.W.3d 258, 272 n. 50 (Tex.Crim.App.2002), *cert. denied*, 537 U.S. 1195, 123 S.Ct. 1256, 154 L.Ed.2d 1032 (2003).

3. *See Hall v. State*, 74 S.W.3d 521, 527 n. 3 (Tex.App.-Amarillo 2002, no pet.).

4. *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim.App.1984).

5. Tex.R. Evid 103(a)(1); *Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim.App.1985) ("It is settled that when a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error."), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33 (Tex.Crim.App.1997).

6. *See* Tex.R. Evid. 103; Tex.R.App P. 33.1(a)(2); *Gutierrez v. State*, 36 S.W.3d 509, 510–11

(Tex.Crim.App.2001); *see also Reyes v. State*, 910 S.W.2d 585, 589 (Tex.App.-Amarillo 1995, pet. ref'd) (holding, in a case in which neither a written motion to suppress nor a written order appeared in the appellate record, that "in this case the record is quite clear that a motion to suppress was filed, testimony was taken in connection with that motion, and the court's decision to overrule the motion was quite clear and definite. Thus, the record is sufficient to preserve the question for appellate review.").

7. 195 S.W.3d 696 (Tex.Crim.App.2006).

8. *Id.* at 699.

9. *Id.*

10. *See, e.g., Horn v. State*, 699 S.W.2d 714, 716 (Tex.App.-Fort Worth 1985, no pet.).

*the trial court, or stated on the record at the hearing.*[11]

Similarly, consistently in the past, the Texas Court of Criminal Appeals has held that "[a] trial court satisfies the requirements of [a]rticle 38.22 when it dictates its findings and conclusions to the court reporter, and they are transcribed and made a part of the statement of facts, filed with the district clerk and made a part of the appellate record,"[12] despite article 38.22's use of the term "order."[13] The findings and conclusions in the case before us were so dictated, transcribed, made a part of the statement of facts, filed with the district clerk, and made a part of the appellate record.

Based on the above case law and this court's review of the record, we should hold that the trial court's dictating its ruling into the record in the presence of both the State and the defense constituted an order granting Cox's motion to suppress and that the State's appellate timetable consequently ran from that date. Because this holding would be dispositive, we would then not reach the irrelevant issue of whether the docket sheet entry memorializing the ruling and signed by the trial judge is an order. In this case, the signed docket sheet entry merely makes the date triggering the State's appellate timetable more obvious to all.

Because the trial judge entered his appealable ruling granting Cox's motion to suppress on April 4, 2006, the State was required to file its notice of appeal on or before April 19, 2006.[14] Because the State did not file its notice of appeal until May 22, 2006, the notice of appeal was untimely.[15] A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[16] The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.[17] I would therefore dismiss this appeal for want of jurisdiction [18] and allow the State to proceed with its case in the trial court without the suppressed evidence.

HOLMAN, J., joins.

---

11. *Cullen,* 195 S.W.3d at 699 (emphasis added).

12. *Murphy v. State,* 112 S.W.3d 592, 601–02 (Tex.Crim.App.2003), *cert. denied,* 541 U.S. 940, 124 S.Ct. 1660, 158 L.Ed.2d 363 (2004).

13. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 2005).

14. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(d); TEX.R.APP. P. 26.2(b).

15. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(d); TEX.R.APP. P. 26.2(b).

16. TEX.R.APP. P. 26.2(b); *see Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998).

17. *See Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996); *see also Slaton,* 981 S.W.2d at 210.

