Dismissed and Memorandum Opinion filed August 27,
2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00576-CR

____________

 

THE STATE OF TEXAS,
Appellant

 

V.

 

PENNY RAE SAGE, Appellee

 



 

On Appeal from the 400th District
court

Fort Bend County, Texas

Trial Court Cause No. 47522A

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal by the State from the granting of
a motion to suppress. See Tex. Code Crim. Proc. art. 44.01(a)(5).  The
clerk=s record was filed on July 28, 2009. 
The record does not contain an order granting defendant=s motion to suppress.








On August 3, 2009, notification was transmitted to the
parties of this court=s intention to dismiss the appeal for want of jurisdiction
unless appellant filed a response demonstrating grounds for continuing the appeal
on or before August 18, 2009.  On August 6, 2009, a supplemental clerk=s record was
filed.  It does not contain an order granting defendant=s motion to
suppress.

On August 14, 2009, the State filed a response to our notice
and on August 18, 2009, appellee replied to the State=s response.  The State=s response acknowledges no order
granting the defendant=s motion to suppress has been signed.  The response requests
we abate the appeal and remand it to the trial court for entry of a written
order or, alternatively, find the trial court=s conclusions of law to be a
sufficient appealable order. 

A State=s appeal under article 44.01 must be from a signed written
order.  See State v. Cox., 235 S.W.3d 283, 284 (Tex. App. B Fort Worth 2007, no pet.) (citing State
v. Rosenbaum, 818 S.W.3d 398 (Tex. Crim. App. 1991)).  The State cites no authority, and we
are aware of none, that would support this court finding conclusions of law
serve as a signed written order for purposes of appeal.  Because there is no
order in the record from which the State may appeal, our jurisdiction has not
been invoked.  Rule 2 of the Texas Rules of Appellate Procedure prohibits
us from abating and remanding the case to allow the trial court another
opportunity to enter an appealable order.  Id. at 285 (citing Tex. R.
App. P. 2. which provides A. . . a court must not construe this rule
to suspend any provision of the Code of Criminal Procedure. . .@).  Accordingly,
we deny the State=s requests and order the appeal dismissed
for want of jurisdiction.

.

 

PER CURIAM

 

Panel consists of Justices
Anderson, Guzman, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).