Dismissed and Memorandum Opinion filed August 27,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00555-CR

____________

 

THE STATE OF TEXAS,
Appellant

 

V.

 

JACOB ALLAN BOSCH, Appellee

 



 

On Appeal from County Court at Law
No. 1

Fort Bend County, Texas

Trial Court Cause No. 129353 

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal by the State from the granting of
a motion for new trial. See Tex. Code Crim. Proc. art. 44.01(a)(3).  The
clerk=s record was filed on July 17, 2009. 
The record does not contain an order granting defendant=s motion for new trial.








On August 3, 2009, notification was transmitted to the
parties of this court=s intention to dismiss the appeal for want of jurisdiction
unless appellant filed a response demonstrating grounds for continuing the
appeal on or before August 18, 2009.  On August 7, 2009, a supplemental clerk=s record was filed.  It does not
contain an order granting defendant=s motion for new trial.

On August 11, 2009, the State filed a response to our notice
that acknowledges no order granting the defendant=s motion for new trial has been
signed.  The response requests we continue the appeal and ask the trial court
to explain why no written order has been filed.  Alternatively, the response
asks we abate the appeal and remand it to the trial court for an explanation as
to why no written order has been filed.

We cannot Acontinue@ the appeal in the
absence of an order.  A
State=s appeal under article 44.01 must be
from a signed written order.  See State v. Cox., 235 S.W.3d 283, 284
(Tex. App. B Fort Worth 2007, no pet.) (citing State v. Rosenbaum, 818 S.W.3d
398 (Tex. Crim. App. 1991)).  Because there is no order in the record from which the State may appeal,
our jurisdiction has not been invoked.  Rule 2 of the Texas Rules of Appellate
Procedure prohibits us from abating and remanding the case to allow the trial
court another opportunity to enter an appealable order.  Id. at 285
(citing Tex. R. App. P. 2. which provides A. . . a court must
not construe this rule to suspend any provision of the Code of Criminal
Procedure. . .@).   Further, we have no appellate jurisdiction to
address the trial court=s refusal to enter a signed written order
granting the motion for new trial.  That issue may be addressed by mandamus.  See
State v. Cox., 235 S.W.3d 283, 287 n. 14 (Tex.
App. B Fort Worth 2007, no pet.) (citing In re Hancock, 212 S.W.3d 922,
926 (Tex. App. B Fort Worth 2007, orig. proceeding)).

Accordingly, we deny the State=s requests and
order the appeal dismissed for want of jurisdiction.

.

PER CURIAM

Panel consists of Justices
Anderson, Guzman, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).