

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00032-CR

THE STATE OF TEXAS                                            STATE

V.

SOUTCHAY                                                    APPELLEE
SANAVONGXAY

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## OPINION

------------

The State filed a notice of appeal "from the trial court's granting of a motion to suppress or exclude DNA evidence in this case." Shortly after filing the notice of appeal, the State also filed an original proceeding in this court complaining about the trial court's refusal to enter a written order granting the motion.[1] We denied the mandamus in a summary opinion. *See* Tex. R. App. P. 52.8(d); *In re*

---

[1] We grant the State's motion to take judicial notice of our records in the original proceeding.

*Joe Shannon*, No. 02-10-00048-CV, 2010 WL 744771, at *1 (Tex. App.—Fort Worth Mar. 2, 2010, orig. proceeding]) (mem. op).  The State also filed a Request for Entry of a Written Order in the trial court, which the trial court has not ruled on.

The copy of the motion to suppress contains handwritten, unsigned notations that were scratched out.[2]  An accompanying motion for continuance—which complains about the late production of DNA evidence by the State—contains a handwritten notation that says "Denied 1-20-10 exclude DNA evid."

At a pretrial hearing, the trial judge explained that she did not intend to rule on the motion to suppress the DNA evidence—which was based on the State's late production of DNA test results—because she did not think the police did anything wrong.  However, she acknowledged that she "wrote on the motion for continuance . . . exclude the DNA evidence because it was not timely filed."  She further explained, "You're still entitled to a suppression hearing. . .  [I]n error I led you to believe that I was making a suppression ruling; I'm not.  I'm making an admissibility ruling because of the lateness of the discovery, which I will allow you to brief if you choose to."  She also said, "[W]hat I have ruled is the defense continuance was denied and the evidence was inadmissible because of discovery violations.  Now, if y'all need time to brief that issue, you've got it."

---

[2]The State also filed an affidavit from an administrative clerk in the district clerk's office averring that the handwriting on the motion to suppress is "consistent with the practice and style of the judge of Criminal District Court No. 1."

Although the trial judge admitted writing the notations on the motion for continuance and motion to suppress, she nevertheless has not memorialized her ruling in a written order; thus, we must dismiss this appeal for want of jurisdiction in accordance with our *Cox* opinion. *See* Tex. R. App. P. 43.2(f); *State v. Cox*, 235 S.W.3d 283, 284 (Tex. App.—Fort Worth 2007, no pet.); *State v. Kibler*, 874 S.W.2d 330, 331–32 (Tex. App.—Fort Worth 1994, no pet.).

 

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

LIVINGSTON, C.J. filed a concurring opinion.
WALKER, J. filed a concurring opinion.

PUBLISH

DELIVERED:  December 2, 2010



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00032-CR

THE STATE OF TEXAS          STATE

V.

SOUTCHAY          APPELLEE
SANAVONGXAY

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## CONCURRING OPINION

------------

Although I agree that we must dismiss this interlocutory appeal because the trial court has not signed a written order, I write separately to express my concern that a trial court can effectively deny the State its right to an interlocutory appeal under article 44.01 of the code of criminal procedure by refusing to sign a written order memorializing its preliminary ruling on pretrial evidentiary matters. Like a defendant, the State may urge the trial court to reconsider its ruling at trial.

But, unlike a defendant, the State cannot appeal after trial if it cannot meet its burden of proof because the trial court refuses to reconsider its evidentiary ruling.

In the original proceeding, the trial judge explained her reasons for not signing a written order: (1) she gave the State the opportunity to brief the issue but it chose not to, filing the mandamus petition instead; and (2) she was merely making a preliminary ruling on admissibility because of the State's failure to produce the DNA evidence in discovery until immediately before trial and, thus, her ruling was conditional and not final.

I joined in the denial of the original proceeding because the trial judge's response indicated that she had not finally considered the matter; she had invited the State to brief the issue and was willing to consider its arguments and hold a hearing. The State did not attempt to have the trial judge resolve the matter before filing its appeal and mandamus petition.[3] The State filed a subsequent mandamus petition with the court of criminal appeals, which also denied the petition.

However, the trial judge has refused to consider any of the State's motions while this appeal is pending, on jurisdictional grounds. So the State is essentially stuck: it cannot get a reconsideration from the trial court while the appeal is

---

[3]Although the trial judge's response in the original proceeding argues that her ruling regarding the DNA evidence was conditional and not final, that does not distinguish the ruling from a ruling on a motion to suppress. A suppression order is a nonfinal ruling; the trial court may reconsider its decision at trial. *See, e.g., Ex parte King*, 134 S.W.3d 500, 503 (Tex. App.—Austin 2004, pets. ref'd).

pending, but it cannot get a written order allowing the appeal to go forward without mandamus relief from this court.

"Article 44.01 was enacted as a vehicle for the State to challenge 'questionable legal rulings excluding what may be legally admissible evidence[.]' The purpose of the statute is to permit the pretrial appeal of erroneous legal rulings which eviscerate the State's ability to prove its case." *State v. Medrano*, 67 S.W.3d 892, 895–96 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2010) (providing that the State may appeal an order that "grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case"). The legislative intent of article 44.01 "was to permit the State to appeal *any* 'questionable legal rulings excluding what may be legally admissible evidence.' Period." *Medrano*, 67 S.W.3d at 900 (emphasis added). "[A] motion to suppress evidence is one in which the defendant (or the State) claims that certain evidence should not be admitted at trial for a constitutional, statutory, evidentiary *or procedural reason*." *Id*. at 901 (emphasis added). Thus, what a defendant names his motion—whether a motion to suppress or a motion to exclude evidence—is irrelevant; Texas law governing pretrial motions does not distinguish between the two. *Id*.; *State v. Marrs*, 104 S.W.3d 914, 916–17 (Tex. App.—Corpus Christi 2003, no pet.).

Although its ultimate purpose is unclear, the trial court appears to have drawn a distinction in this case between suppressing the evidence as a result of police misconduct[4] versus excluding evidence for a procedural reason—that the State failed to timely provide the evidence in discovery. But *Medrano* tells us that is not the case; the State may appeal the trial court's ruling suppressing, i.e., refusing to admit evidence, for any reason, regardless of whether the judge is ruling on a document entitled "Motion to Suppress," "Motion to Exclude Evidence," or in this case, "Motion for Continuance." *See Medrano*, 67 S.W.3d at 903; *see also* Tex. Code Crim. Proc. Ann. art. 28.01, §1(6) (Vernon 2006). Accordingly, if the trial court, upon reconsideration after giving the State the opportunity to brief and argue the late discovery issue, decides that the evidence should remain excluded, the State should be allowed an interlocutory appeal of that decision under article 44.01(a)(5) and *Medrano* if the DNA evidence is "of substantial importance" to the case, regardless of whether the trial court finds police misconduct or a discovery violation by the State. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5); *Medrano*, 67 S.W.3d at 903. And if a trial court refuses to provide the State the means of availing itself of that statutory remedy by holding a hearing and signing a written order memorializing its ruling, mandamus is the only remedy available to the State so that its appeal may go

---

[4]*Medrano* overruled *State v. Roberts*, 940 S.W.2d 655 (Tex. Crim. App. 1966), in which the court of criminal appeals held that the State could appeal from an adverse ruling on a motion to suppress only when the trial court determined that the evidence was illegally obtained. 67 S.W.3d at 903.

forward.  *See State v. Cox*, 235 S.W.3d 283, 285 n.14 (Tex. App.—Fort Worth 2007, no pet.).

For these reasons, I respectfully concur.


TERRIE LIVINGSTON
CHIEF JUSTICE

PUBLISH

DELIVERED:  December 2, 2010


THE STATE OF TEXAS                                                                    STATE

V.

SOUTCHAY SANAVONGXAY                                                        APPELLEE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## CONCURRING OPINION

----------

Because the trial court has not held a suppression hearing—that is, no witness has testified, and no evidence has been introduced—I concur with the judgment dismissing this appeal. Soutchay Sanavongxay filed a motion to suppress, alleging as the sole basis for his motion that DNA evidence should be suppressed because it was not timely produced by the State. Once the trial court holds a hearing on the issue of whether the DNA evidence should be excluded for the State's alleged failure to timely produce it, the trial court will have a

reasonable time to enter an order reflecting its ruling on the motion to suppress, and if the trial court suppresses the DNA evidence, the State may then appeal that ruling. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2010) (authorizing State's appeal); *State v. LaRue*, 152 S.W.3d 95, 100 (Tex. Crim. App. 2004) (addressing State's appeal from trial court order suppressing DNA evidence based on State's alleged failure to timely produce DNA evidence pursuant to discovery order).

                                        SUE WALKER
                                        JUSTICE

PUBLISH

DELIVERED:  December 2, 2010