02-10-032-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00032-CR

 

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


                                                                                                                             

V.

 


 
 
 SOUTCHAY SANAVONGXAY
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 1 OF TARRANT
COUNTY

 

------------

 

OPINION

 

------------

          The State filed a notice of appeal
“from the trial court’s granting of a motion to suppress or exclude DNA
evidence in this case.”  Shortly after
filing the notice of appeal, the State also filed an original proceeding in
this court complaining about the trial court’s refusal to enter a written order
granting the motion.[1]  We denied the mandamus in a summary opinion.  See
Tex. R. App. P. 52.8(d); In re Joe
Shannon, No. 02-10-00048-CV, 2010 WL 744771, at *1 (Tex. App.––Fort Worth
Mar. 2, 2010, orig. proceeding]) (mem. op).  The State also filed a Request for Entry of a
Written Order in the trial court, which the trial court has not ruled on.

          The copy of the motion to suppress
contains handwritten, unsigned notations that were scratched out.[2]  An accompanying motion for continuance––which
complains about the late production of DNA evidence by the State––contains a
handwritten notation that says “Denied 1-20-10 exclude DNA evid.”

          At a pretrial hearing, the trial judge
explained that she did not intend to rule on the motion to suppress the DNA
evidence––which was based on the State’s late production of DNA test results––because
she did not think the police did anything wrong.  However, she acknowledged that she “wrote on
the motion for continuance . . . exclude the DNA evidence because it was not
timely filed.”  She further explained,
“You’re still entitled to a suppression hearing. . .  [I]n error I led you to believe that I was
making a suppression ruling; I’m not. 
I’m making an admissibility ruling because of the lateness of the
discovery, which I will allow you to brief if you choose to.”  She also said, “[W]hat I have ruled is the
defense continuance was denied and the evidence was inadmissible because of
discovery violations.  Now, if y’all need
time to brief that issue, you’ve got it.”

Although
the trial judge admitted writing the notations on the motion for continuance and motion to suppress, she nevertheless has not
memorialized her ruling in a written order; thus, we must dismiss this appeal for
want of jurisdiction in accordance with our Cox
opinion.  See Tex. R. App. P. 43.2(f); State
v. Cox, 235 S.W.3d 283, 284 (Tex. App.––Fort Worth 2007, no pet.); State v. Kibler,
874 S.W.2d 330, 331–32 (Tex. App.––Fort Worth 1994,
no pet.).

 

 

 

                                                                             
 
 
 
 
 
 
 
 ANNE GARDNER

                                                                             
 
 
 JUSTICE

 

PANEL:  LIVINGSTON, C.J.; 
 
 
 
 
 
 GARDNER and 
 
 
 
 
 
 WALKER, JJ.

 

LIVINGSTON,
C.J. filed a concurring opinion.

WALKER,
J. filed a concurring opinion.

 

PUBLISH

 

DELIVERED:  December 2, 2010

 

 








 

 





 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00032-CR

 

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


                                                                                                                             

V.

 


 
 
 SOUTCHAY SANAVONGXAY
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 1 OF TARRANT
COUNTY

 

------------

 

CONCURRING OPINION

 

------------

          Although I agree that we must dismiss
this interlocutory appeal because the trial court has not signed a written
order, I write separately to express my concern that a trial court can
effectively deny the State its right to an interlocutory appeal under article
44.01 of the code of criminal procedure by refusing to sign a written order
memorializing its preliminary ruling on pretrial evidentiary matters.  Like a defendant, the State may urge the
trial court to reconsider its ruling at trial. 
But, unlike a defendant, the State cannot appeal after trial if it cannot
meet its burden of proof because the trial court refuses to reconsider its
evidentiary ruling.

          In the original proceeding, the trial
judge explained her reasons for not signing a written order:  (1) she gave the State the opportunity to
brief the issue but it chose not to, filing the mandamus petition instead; and (2)
she was merely making a preliminary ruling on admissibility because of the
State’s failure to produce the DNA evidence in discovery until immediately
before trial and, thus, her ruling was conditional and not final.

          I joined in the denial of the original
proceeding because the trial judge’s response indicated that she had not
finally considered the matter; she had invited the State to brief the issue and
was willing to consider its arguments and hold a hearing.  The State did not attempt to have the trial
judge resolve the matter before filing its appeal and mandamus petition.[3]  The State filed a subsequent mandamus
petition with the court of criminal appeals, which also denied the petition.

          However, the trial judge has refused
to consider any of the State’s motions while this appeal is pending, on
jurisdictional grounds.  So the State is
essentially stuck:  it cannot get a reconsideration from the trial court while the appeal is
pending, but it cannot get a written order allowing the appeal to go forward
without mandamus relief from this court.

          “Article 44.01 was enacted as a
vehicle for the State to challenge ‘questionable legal rulings excluding what
may be legally admissible evidence[.]’ The purpose of
the statute is to permit the pretrial appeal of erroneous legal rulings which
eviscerate the State’s ability to prove its case.”  State
v. Medrano, 67 S.W.3d 892, 895–96 (Tex. Crim. App. 2002); see Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2010) (providing that the State may
appeal an order that “grants a motion to suppress evidence, a confession, or an
admission, if jeopardy has not attached in the case and if the prosecuting
attorney certifies to the trial court that the appeal is not taken for the
purpose of delay and that the evidence, confession, or admission is of substantial
importance in the case”).  The
legislative intent of article 44.01 “was to permit the State to appeal any ‘questionable legal rulings
excluding what may be legally admissible evidence.’  Period.”  Medrano,
67 S.W.3d at 900 (emphasis added).  “[A]
motion to suppress evidence is one in which the defendant (or the State) claims
that certain evidence should not be admitted at trial for a constitutional,
statutory, evidentiary or procedural
reason.”  Id. at 901 (emphasis added). 
Thus, what a defendant names his motion––whether a motion to suppress or
a motion to exclude evidence­­––is irrelevant; Texas law governing pretrial
motions does not distinguish between the two. 
Id.; State v. Marrs,
104 S.W.3d 914, 916–17 (Tex. App.––Corpus Christi
2003, no pet.).

          Although its ultimate purpose is
unclear, the trial court appears to have drawn a distinction in this case
between suppressing the evidence as a result of police misconduct[4]
versus excluding evidence for a procedural reason––that
the State failed to timely provide the evidence in discovery.  But Medrano
tells us that is not the case; the State may appeal the trial court’s ruling
suppressing, i.e., refusing to admit evidence, for any reason, regardless of
whether the judge is ruling on a document entitled “Motion to Suppress,” “Motion
to Exclude Evidence,” or in this case, “Motion for Continuance.”  See Medrano,
67 S.W.3d at 903; see also Tex. Code
Crim. Proc. Ann. art. 28.01, §1(6) (Vernon 2006).  Accordingly, if the trial court, upon
reconsideration after giving the State the opportunity to brief and argue the
late discovery issue, decides that the evidence should remain excluded, the State
should be allowed an interlocutory appeal of that decision under article
44.01(a)(5) and Medrano
if the DNA evidence is “of substantial importance” to the case, regardless of
whether the trial court finds police misconduct or a discovery violation by the
State.  See Tex. Code Crim. Proc. Ann. art.
44.01(a)(5); Medrano,
67 S.W.3d at 903.  And if a trial court
refuses to provide the State the means of availing itself of that statutory
remedy by holding a hearing and signing a written order memorializing its
ruling, mandamus is the only remedy available to the State so that its appeal
may go forward.  See State v. Cox, 235 S.W.3d 283, 285 n.14 (Tex.
App.—Fort Worth 2007, no pet.).

          For these reasons, I respectfully
concur.

 

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PUBLISH

 

DELIVERED:  December 2, 2010

 

 

 

 

 

 










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00032-CR 

 

 


 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 
 
 
  
 V.
  
 
 
 
 
 Soutchay Sanavongxay
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM Criminal District Court No. 1 OF Tarrant COUNTY

----------

 

CONCURRING
OPINION

----------

 

Because
the trial court has not held a suppression hearing—that is, no witness has
testified, and no evidence has been introduced—I concur with the judgment
dismissing this appeal.  Soutchay Sanavongxay filed a
motion to suppress, alleging as the sole basis for his motion that DNA evidence
should be suppressed because it was not timely produced by the State.  Once the trial court holds a hearing on the
issue of whether the DNA evidence should be excluded for the State=s alleged
failure to timely produce it, the trial court will have a reasonable time to
enter an order reflecting its ruling on the motion to suppress, and if the
trial court suppresses the DNA evidence, the State may then appeal that ruling.  See Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon Supp. 2010) (authorizing State=s appeal);
State v. LaRue, 152 S.W.3d
95, 100 (Tex. Crim. App. 2004) (addressing State=s appeal
from trial court order suppressing DNA evidence based on State=s alleged
failure to timely produce DNA evidence pursuant to discovery order).

 

 

SUE WALKER

JUSTICE

 

PUBLISH

 

DELIVERED:  December 2, 2010











[1]We
grant the State’s motion to take judicial notice of our records in the original
proceeding.





[2]The
State also filed an affidavit from an administrative clerk in the district
clerk’s office averring that the handwriting on the motion to suppress is
“consistent with the practice and style of the judge of Criminal District Court
No. 1.”





[3]Although
the trial judge’s response in the original proceeding argues that her ruling
regarding the DNA evidence was conditional and not final, that does not
distinguish the ruling from a ruling on a motion to suppress.  A suppression order is a nonfinal
ruling; the trial court may reconsider its decision at trial.  See,
e.g., Ex parte King, 134 S.W.3d 500, 503 (Tex. App.––Austin 2004, pets. ref’d).





[4]Medrano overruled State v. Roberts, 940 S.W.2d 655 (Tex. Crim. App. 1966), in which
the court of criminal appeals held that the State could appeal from an adverse
ruling on a motion to suppress only when the trial court determined that the
evidence was illegally obtained.  67 S.W.3d at 903.