NO. 07-10-0233-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 



DECEMBER 10, 2010

 



 

THE STATE OF
TEXAS, APPELLANT

 

v.

 

OCTAVIO
ORTIZ, APPELLEE 



 



 

 FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-423,824;
HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and
PIRTLE, JJ.

 

 

MEMORANDUM
OPINION

 

By
interlocutory appeal, the State attempts to challenge a ruling of the trial
court partially granting the motion to suppress evidence[1] brought by appellee
Octavio Ortiz.  On reviewing the record,
we find no signed written order granting appellee’s motion to suppress, in
whole or in part.  On our own motion we
therefore consider our jurisdiction of the appeal.  See
Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277
(Tex.App.--Amarillo 1995, no writ) (appellate court must address questions of
jurisdiction, sua sponte).  Concluding we lack appellate jurisdiction, we
will dismiss the appeal.

On
September 9, 2009, appellee filed a motion seeking suppression of tangible
items and written and oral statements. 
The trial court heard the motion on November 23, 2009, and denied it by written
order dated June 7, 2010.  On the same
date, after signing the order, the trial court convened a brief hearing in the
case.  During the hearing, the trial
court announced it was “going to” grant appellee’s motion as to certain oral
statements.  At the conclusion of the
hearing, the State announced its intention to appeal.  Later that day the State filed a notice of
appeal.  It requested findings of fact
and conclusions of law on June 11. The trial court signed and filed its
findings and conclusions on July 9.  

            The State may appeal an order
granting a motion to suppress.  Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)
(Vernon Supp. 2010).  The appeal must be
from a written order signed by the trial judge. 
See State v. Cox,
235 S.W.3d 283, 284 (Tex.App.--Fort Worth 2007, no pet.) (citing State v.
Rosenbaum, 818 S.W.2d 398 (Tex.Crim.App. 1991)).

As
for the writing constituting the challenged order, the State directs us to the final
page of the trial court’s findings of fact and conclusions of law.  The page contains the signature of the trial
court judge.  And a portion of the
language states:

Based on the foregoing
findings of fact and conclusions of law, the Court finds Defendant’s motion to
suppress his statement regarding the identity of the substance should be
granted, and the Defendant’s motion to suppress his statement regarding the
quantity of the substance should be (sic) also be granted.

But language
expressing a future intention to grant appellee’s motion and suppress the
challenged statements does not constitute an appealable order under article
44.01.  See State v. Sorrell, No. 05-01-0658-CR,
2001 Tex. App. Lexis 8380 (Tex.App.--Dallas Dec. 19, 2001, no pet.) (not designated for publication) (statement
in findings of fact and conclusions of law that “the seized marijuana must be
suppressed” was an expression of court’s future intention and not a substitute
for an order); cf. Hacklerr v. Depinto, No. 02-07-0344-CV,
2007 Tex. App. Lexis 9879, at *1-*2 (Tex.App.--Fort Worth Dec. 20, 2007, no
pet.) (per curiam) (order specifying dismissal of parties’
claims if security not given within twenty days was not final and did not
invoke appellate jurisdiction as an order must express court’s intention to
render disposition at time of entry rather than in future).  We conclude the document containing findings
of fact and conclusions of law does not constitute a signed written order granting
the motion to suppress.

            Because the record does not contain
a signed written order our jurisdiction for the State’s appeal under article
44.01 has not been invoked.  Cox, 235 S.W.3d at 285; State v. Sage, No. 14-09-0576-CV, 2009
Tex. App. Lexis 6812, at *1-*2 (Tex.App.--Houston [14th Dist.] Aug. 27, 2009, no pet.) (per
curiam, mem. op., not designated for publication).  As did a sister court in an analogous
situation, Sage, 2009 Tex. App. Lexis
6812, at *2, we dismiss the State’s appeal for want of jurisdiction.  

Per Curiam

Quinn, C.J., not participating.

 

Do not publish. 

 











[1] See
Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)
(Vernon Supp. 2010).