NO. 07-10-0233-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 10, 2010

---

THE STATE OF TEXAS, APPELLANT

v.

OCTAVIO ORTIZ, APPELLEE

---

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-423,824; HONORABLE JIM BOB DARNELL, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

By interlocutory appeal, the State attempts to challenge a ruling of the trial court partially granting the motion to suppress evidence[1] brought by appellee Octavio Ortiz. On reviewing the record, we find no signed written order granting appellee's motion to suppress, in whole or in part. On our own motion we therefore consider our jurisdiction of the appeal. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.--Amarillo 1995, no writ) (appellate court must address questions of

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2010).

jurisdiction, *sua sponte*). Concluding we lack appellate jurisdiction, we will dismiss the appeal.

On September 9, 2009, appellee filed a motion seeking suppression of tangible items and written and oral statements. The trial court heard the motion on November 23, 2009, and denied it by written order dated June 7, 2010. On the same date, after signing the order, the trial court convened a brief hearing in the case. During the hearing, the trial court announced it was "going to" grant appellee's motion as to certain oral statements. At the conclusion of the hearing, the State announced its intention to appeal. Later that day the State filed a notice of appeal. It requested findings of fact and conclusions of law on June 11. The trial court signed and filed its findings and conclusions on July 9.

The State may appeal an order granting a motion to suppress. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2010). The appeal must be from a written order signed by the trial judge. *See State v. Cox,* 235 S.W.3d 283, 284 (Tex.App.--Fort Worth 2007, no pet.) (citing *State v. Rosenbaum,* 818 S.W.2d 398 (Tex.Crim.App. 1991)).

As for the writing constituting the challenged order, the State directs us to the final page of the trial court's findings of fact and conclusions of law. The page contains the signature of the trial court judge. And a portion of the language states:

> Based on the foregoing findings of fact and conclusions of law, the Court finds Defendant's motion to suppress his statement regarding the identity of the substance should be granted, and the Defendant's motion to suppress his statement regarding the quantity of the substance should be (sic) also be granted.

2

But language expressing a future intention to grant appellee's motion and suppress the challenged statements does not constitute an appealable order under article 44.01. *See State v. Sorrell,* No. 05-01-0658-CR, 2001 Tex. App. Lexis 8380 (Tex.App.--Dallas Dec. 19, 2001, no pet.) (not designated for publication) (statement in findings of fact and conclusions of law that "the seized marijuana must be suppressed" was an expression of court's future intention and not a substitute for an order); *cf. Hacklerr v. Depinto,* No. 02-07-0344-CV, 2007 Tex. App. Lexis 9879, at *1-*2 (Tex.App.--Fort Worth Dec. 20, 2007, no pet.) (per curiam) (order specifying dismissal of parties' claims if security not given within twenty days was not final and did not invoke appellate jurisdiction as an order must express court's intention to render disposition at time of entry rather than in future). We conclude the document containing findings of fact and conclusions of law does not constitute a signed written order granting the motion to suppress.

Because the record does not contain a signed written order our jurisdiction for the State's appeal under article 44.01 has not been invoked. *Cox,* 235 S.W.3d at 285; *State v. Sage,* No. 14-09-0576-CV, 2009 Tex. App. Lexis 6812, at *1-*2 (Tex.App.-- Houston [14th Dist.] Aug. 27, 2009, no pet.) (per curiam, mem. op., not designated for publication). As did a sister court in an analogous situation, *Sage,* 2009 Tex. App. Lexis 6812, at *2, we dismiss the State's appeal for want of jurisdiction.

Per Curiam

Quinn, C.J., not participating.

Do not publish.