

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00414-CV

_____

EX PARTE D.R.

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 19-6118-362

---

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant has filed a notice of appeal seeking to appeal the trial court's purported order denying expunction.

By letter dated November 13, 2019, we notified the parties of our concern that we lack jurisdiction over this appeal because the trial court clerk had informed us that the trial judge had not signed a final order in this case. *See* Tex. R. App. P. 26.1(a), 27.1(a). We requested that the parties submit a copy of the signed order that Appellant seeks to appeal by December 3, 2019, and cautioned that any failure to do so would result in our dismissal of the appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f), 44.3, 44.4(a)(2).

While Appellant filed a timely response to our letter, he did not provide us with a copy of the signed order. Instead, Appellant points us to a docket entry in the trial court that states: "Final Hearing on Expunction. State appeared and opposed expunction. Petitioner failed to appear. Denied Expunction. BMc." That docket entry does not constitute an appealable written order. *See Ex parte Salim*, Nos. 02-19-00009-CR, 02-19-00010-CR, 2019 WL 490516, at *1 (Tex. App.—Fort Worth Feb. 7, 2019, no pet.) (per curiam) (mem. op., not designated for publication) ("[A] docket entry, even one signed by the trial judge, is not an appealable written order."); *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.) ("It is well settled that a docket sheet entry is not an order."); *see also In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding)

("Docket-sheet entries are inherently unreliable because they lack the formality of orders and judgments.").

Without a signed final order, we lack jurisdiction to consider this appeal, and we therefore dismiss it. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Ex parte J.C.*, No. 02-18-00169-CV, 2018 WL 4140640, at *1 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) (per curiam) (dismissing appeal of trial court's "expunction dismissal" where record did not contain a signed final order).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  December 19, 2019