# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00526-CR

---

**George Ray Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY**
**NO. CR2020-705, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

George Ray Hernandez was charged with unlawful possession of a firearm. *See* Tex. Penal Code § 46.04(e). The record does not contain a final judgment of conviction, and we have received a letter from the district clerk's office explaining that "judgment has not been rendered" in this case. Hernandez has filed a notice "of his intent to appeal" the trial court's "ruling" on his application for writ of habeas corpus, in which he alleges that he is illegally confined and requests that the trial court show why he is being held in custody.

The district clerk's letter was filed in response to this Court's Order that a supplemental clerk's record be filed containing the trial court's ruling on Hernandez's habeas application as well as its certification of his right of appeal. In her letter, the district clerk also informed us that "there is no order on file denying the writ," and the clerk's record does not include such an order.

"A written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction." *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd); *see* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991); *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.); *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.). Moreover, a premature notice of appeal is not effective in a criminal case if filed before the trial court makes a finding of guilt or receives a jury verdict. Tex. R. App. P. 27.1(b); *see Ex parte Watson*, No. 07-06-00136-CR, 2006 WL 1210981, at *1 (Tex. App.—Amarillo May 4, 2006, no pet.) (mem. op., not designated for publication) (declining "to interpret Rule 27.1(b) as permitting a premature notice of appeal from an application for a writ of habeas corpus without a signed appealable order"). Because the trial court has not yet entered a signed written order in the habeas proceeding or made a finding of guilt or received a jury verdict with respect to the charged offense, we lack jurisdiction over this matter.

Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed: November 8, 2023

Do Not Publish