[CB1] 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-08-334-CR

 

 

JAMES DAHLEM II                                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

                                                  I.  Introduction

Appellant James Dahlem II pleaded
guilty to possession of less than four but more than one gram of cocaine.[1]  Pursuant to a plea bargain, the trial court
placed Appellant on seven years= deferred adjudication community
supervision.  In a single point,
Appellant argues the trial court should have granted his motion to suppress the
cocaine the game warden discovered while searching Appellant=s wallet.  We affirm.

                                           II.  Factual Background

At approximately 10:45 p.m. on June
2, 2007, Game Wardens Ryan Hall and Zak Benge were patrolling Lake Lewisville
when they noticed a boat on the water that did not have the required lighting.[2]  Appellant operated the boat, and he was
accompanied on the boat by Angela Storozik and Samantha Priddy.

The wardens approached Appellant=s boat to conduct a water safety
investigation.[3]  As the wardens initially approached Appellant=s boat, they did not notice any odor
of marihuana or believe any of the occupants to be under the influence of any
type of drug.  However, Warden Benge
observed in plain view what he believed to be a pipe for smoking marihuana; the
pipe was partly protruding from beneath a woman=s purse on a seat in the boat.  Warden Benge then boarded the boat,
confiscated the pipe, and informed Appellant, Storozik, and Priddy that he was
preparing to search the boat for Athe rest of the marihuana.@  Warden Benge then
said, Aif there=s anything else here, let us know
now; we can handle it as easily as possible as long as it=s not large amounts of illegal drugs.@ 
Storozik, under whose purse the pipe had been discovered, then informed
Warden Benge that she had marihuana in her purse and handed her purse to
him.  Inside the purse, Benge discovered
two small baggies of marihuana.  Benge
testified, however, that he did not know at that point if Storozik had
truthfully disclosed all the remaining marihuana or if there was more marihuana
in the boat.

Warden Benge then searched the glove
compartment of the boat where he found a man=s wallet.  Appellant
asked if the wallet was his, and when Warden Benge said that it was, Appellant
admitted there was Aa little bit of something in there.@ 
Warden Benge then opened Appellant=s wallet where he discovered a baggie containing the cocaine
Appellant was charged with possessing. 
Warden Benge asked Appellant, AWhat is this?@ and Appellant responded, AIt=s just a little blow, man.@  The wardens then
handcuffed and arrested Appellant. 

                                      III.  Reasonableness of Search

In his sole point, Appellant contends
the search of his wallet was unreasonable because the State did not prove his
wallet was capable of concealing marihuana.

A.  Standard of Review








We review a trial court=s ruling on a motion to suppress
evidence under a bifurcated standard of review. 
Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We give almost total deference to a trial
court=s rulings on questions of historical
fact and application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor, but we review de novo application-of-law-to-fact
questions that do not turn on credibility and demeanor.  Amador, 221 S.W.3d at 673; Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson v. State,
68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002).  When, as here, the record is silent on the
reasons for the trial court=s ruling, or when there are no
explicit fact findings and neither party timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court=s ruling if the evidence, viewed in
the light most favorable to the trial court=s ruling, supports those findings.  State v. Garcia-Cantu, 253
S.W.3d 236, 241 (Tex. Crim. App. 2008); see Wiede v. State, 214 S.W.3d
17, 25 (Tex. Crim. App. 2007).  We then
review the trial court=s legal ruling de novo unless the
implied fact findings supported by the record are also dispositive of the legal
ruling.  State v. Kelly, 204
S.W.3d 808, 819 (Tex. Crim. App. 2006).

B.  Applicable Law

The Fourth Amendment protects against
unreasonable searches and seizures by government officials.  U.S. Const. amend. IV; Wiede, 214
S.W.3d at 24.  To suppress evidence
because of an alleged Fourth Amendment violation, the defendant bears the
initial burden of producing evidence that rebuts the presumption of proper
police conduct.  Amador, 221
S.W.3d at 672; see Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App.
2009).  A defendant satisfies this burden
by establishing that a search or seizure occurred without a warrant.  Amador, 221 S.W.3d at 672.  Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to establish that
the search or seizure was conducted pursuant to a warrant or was
reasonable.  Id. at 672B73; Torres v. State, 182
S.W.3d 899, 902 (Tex. Crim. App. 2005); Ford v. State, 158 S.W.3d 488,
492 (Tex. Crim. App. 2005).








Whether a search is reasonable is a
question of law that we review de novo. 
Kothe v. State, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).  Reasonableness is measured by examining the
totality of the circumstances.  Id.
at 63.  It requires a balancing of the public
interest and the individual=s right to be free from arbitrary
detentions and intrusions.  Id.  A search conducted without a warrant is per
se unreasonable unless it falls within one of the Aspecifically defined and
well-established@ exceptions to the warrant
requirement.  McGee v. State, 105
S.W.3d 609, 615 (Tex. Crim. App.), cert. denied, 540 U.S. 1004 (2003); Best
v. State, 118 S.W.3d 857, 862 (Tex. App.CFort Worth 2003, no pet.).

The Aautomobile exception@ permits officers to conduct a warrantless search of a motor
vehicle if the officer has probable cause to believe that the vehicle contains
evidence of a crime.[4]  Chambers v. Maroney, 399 U.S. 42, 48,
90 S. Ct. 1975, 1979 (1970); Powell v. State, 898 S.W.2d 821, 827 (Tex.
Crim. App. 1994).  Accordingly, where
there is probable cause to search a vehicle, exigent circumstances to justify a
warrantless search are not required.  State
v. Guzman, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998).








Probable cause to search exists when
reasonably trustworthy facts and circumstances within the knowledge of the
officer on the scene would lead persons of reasonable prudence to believe that
an instrumentality of a crime or evidence pertaining to a crime will be found.  Gutierrez v. State, 221 S.W.3d 680,
685 (Tex. Crim. App. 2007); Estrada v. State, 154 S.W.3d 604, 609 (Tex.
Crim. App. 2005); McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App.
1991).  An officer=s observation of contraband or
evidence of a crime in plain view inside an automobile can be used to establish
probable cause to seize the contraband or evidence.  See Colorado v. Bannister, 449 U.S. 1,
4, 101 S. Ct. 42, 44 (1980).  If probable
cause justifies the search of a lawfully stopped vehicle, it justifies the
search of every part of the vehicle and its contents that may conceal the
object of the search.  United States
v. Ross, 456 U.S. 798, 825, 102 S. Ct. 2157, 2173 (1982).

C.  Discussion

Appellant does not challenge the
wardens= investigative detention of his boat,
the seizure of the marihuana pipe, or the discovery of the marihuana in
Storozik=s purse.  In fact, Appellant concedes that after
seizing the pipe and marihuana, Warden Benge was authorized to search the boat
for more marihuana.  See id., 102
S. Ct. at 2157.  Appellant also concedes
that Warden Benge could lawfully search any containers on the boat that might
conceal additional marihuana but argues that his wallet was not a container
that might conceal the Aobject of the search.@ 
See id., 102 S. Ct. at 2157; Neal v. State, 256 S.W.3d
264, 282 (Tex. Crim. App. 2008).  We
disagree.













First, common knowledge suggests a
small quantity of marihuana, similar to the small quantity Warden Benge already
located in Storozik=s purse, could be concealed in a wallet.  See Esco v. State, 668 S.W.2d 358, 365B66 (Tex. Crim. App. 1982) (op. on reh=g) (relying on common knowledge to
hold a reasonable person could believe a shotgun may have been disassembled
and  concealed in a briefcase).  Second, Texas courts routinely decide cases
where contraband was concealed in a person=s wallet.  See,
e.g., Herrera v. State, Nos. 07-09-00071-CR, 07-09-00072, 07-09-00073-CR,
2009 WL 2618301, at *2 (Tex. App.CAmarillo Aug. 26, 2009, no pet.) (mem. op., not designated
for publication) (recognizing narcotics were located in appellant=s husband=s wallet); Dellatore v. State,
No. 02-07-00369-CR, 2008 WL 4531692, at *1 (Tex. App.CFort Worth Oct. 9, 2008, no pet.)
(mem. op., not designated for publication) (stating officer found Aa black wallet, in which there were
three more baggies that contained methamphetamine@); Martinez v. State, No. 04-07-00147-CR, 2007 WL
4403589, at*3 (Tex. App.CSan Antonio Dec. 19, 2007, no pet.)
(mem. op., not designated for publication) (indicating that a Abaggie of methamphetamine was found
inside Martinez=s wallet@); Haney v. State, No.
05-06-00444-CR, 2007 WL 2028760, at *1 (Tex. App.CDallas July 16, 2007, no pet.) (mem. op., not designated for publication)
(officer Adiscovered a small baggie of
methamphetamine inside a wallet@); Washington v. State, 215
S.W.3d 551, 555 (Tex. App.CTexarkana 2007, no pet.) (stating
that police found a Abag that appeared to contain crack
cocaine@ inside a wallet); Rogers v. State,
No. 02-04-00529-CR, 2006 WL 240229, at *7 (Tex. App.CFort Worth Feb. 2, 2006, no pet.)
(mem. op., not designated for publication) (indicating methamphetamine was
found in appellant=s wallet); Dew v. State, 214
S.W.3d 459, 462 (Tex. App.CEastland 2005, no pet.) (holding that
A[b]ecause the arrest for cocaine in
appellant=s wallet was legitimate, the search
of the vehicle was a search incident to arrest@).  

We hold that Appellant=s wallet was a container on the boat
capable of concealing the additional marihuana Warden Benge sought to locate,
and Warden Benge=s discovery of the cocaine in
Appellant=s wallet was the result of a lawful
search.  The trial court did not err in denying
Appellant=s motion to suppress, and we overrule
Appellant=s sole point.




                                          IV.  Preservation of Error

The concurring opinion cites this
Court=s decision in State v. Cox,
235 S.W.3d 283, 285 (Tex. App.CFort Worth 2007, no pet.) (en banc),
and contends that because there is only a docket entry denying Appellant=s motion to suppress and no findings
of fact or conclusions of law, we should be consistent with Cox and hold
that Appellant failed to preserve error. 
We disagree with this suggestion. 
Cox did not involve preservation of error; the issue in that case
was whether we had jurisdiction of the State=s interlocutory appeal from an order granting a motion to
suppress.  








In Cox, the State attempted to
appeal from an order granting a motion to suppress as authorized by article
44.01 of the Texas Code of Criminal Procedure, entitled AAppeal by State.@ 
Tex. Code Crim. Proc. Ann. art. 44.01 (Vernon 2006).  Section (a)(5) of that statute allows
interlocutory appeals by the State from orders granting motions to
suppress.  Id., art.
44.01(a)(5).  The time for filing a
notice of appeal by the State is specifically prescribed by that statute and by
rule, and runs from the date that the order was Aentered.@ Id., art. 44.01(d) (providing
appeal may not be taken by State later than fifteenth day after date order is Aentered@ by trial court); Tex. R. App. P. 26.2(b) (specifically
providing State=s time to appeal runs from date trial court Aenters@ order).  In Cox,
we interpreted the term Aentered,@ as used in the statute and the rule
governing appeals by the State, and held that a docket entry, even if signed by
the trial court, is not sufficient to constitute a written order Aentered@ by the trial court to trigger the State=s right to appeal an interlocutory order
granting a motion to suppress.  235
S.W.3d at 284.

There is no statute or rule
comparable to article 44.01 that allows defendants to appeal interlocutory
orders denying motions to suppress with or without a written order, and Cox
is inapplicable here.  Appeals by
defendants are governed by a different statute, article 44.02, and different
rules.  Tex. Code Crim. Proc. Ann. art.
44.02 (stating defendant has right of appeal under rules Ahereinafter prescribed@ (now prescribed by the Texas Rules
of Appellate Procedure)); Tex. R. App. P. 25.2(b).  As pertinent here, Rule 25.2(a)(2) provides
that a defendant has the right of appeal under code of criminal procedure
article 44.02 when the trial court enters a judgment of guilt or Aother appealable order.@ 
Tex. R. App. P. 25.2(b); see also Staley v. State, 233 S.W.3d
337, 338 n.4 (Tex. Crim. App. 2007) (summarizing rule).








An order granting or denying a motion
to suppress is not an Aappealable order;@ it is an interlocutory ruling that
is not appealable absent statutory authority. 
See, e.g., Ahmad v. State, 158 S.W.3d 525, 526 (Tex. App.CFort Worth 2004, pet. ref=d) (holding courts of appeals do not
have jurisdiction to review interlocutory orders unless jurisdiction is
expressly granted by law) (citing Apolinar v. State, 820 S.W.2d 792, 794
(Tex. Crim. App. 1991); see also Jaramillo v. State, No. 13-09-00545-CR,
2009 WL 4918768, at *1 (Tex. App.CCorpus Christi Dec. 21, 2009, no pet.) (mem. op., not
designated for publication) (holding even if written order had existed, order
denying motion to suppress was interlocutory order that was not appealable). 

Appellant is not attempting to appeal
directly from the interlocutory ruling on the motion to suppress as was the
State in Cox, but is, instead, challenging the ruling by ordinary appeal
from the written order signed by the trial court that deferred adjudication of
guilt and imposed community supervision, which is appealable as a final
conviction within thirty days after Appellant was placed on community
supervision.  Tex. Code. Crim. Proc. Ann.
art. 44.01(j).  Because Appellant is
appealing from the order deferring adjudication and placing him on community
supervision, jurisdiction of this Court is invoked by Appellant=s filing of his notice of appeal
within the ordinary thirty-day time from the date of imposition of sentence,
not from the date of the order denying Appellant=s motion to suppress. 
Tex. R. App. P. 25.2(b).  A
written order denying a motion to suppress is a not a prerequisite to
jurisdiction of a defendant=s appeal from a final judgment of
conviction; nothing in the code of criminal procedure supports such a
requirement.  Bracken v. State,
282 S.W.3d 94, 101 n.1 (Tex. App.CFort Worth 2009, pet. ref=d); see Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R.
App. P. 25.2(a)(2). 








The concurring opinion confuses
jurisdiction with preservation of error. 
In order for a complaint to be preserved for appeal, Rule 33.1(a) of the
Texas Rules of Appellate Procedure requires, among other steps, that the record
show the trial court Aruled on the request, objection, or
motion, either expressly or implicitly.@  Tex. R. App. P. 33.1(a)
(emphasis added).  The trial court=s ruling need not be expressly stated
if its actions or other statements otherwise unquestionably indicate a
ruling.  Rey v. State, 897 S.W.2d
333, 336 (Tex. Crim. App. 1995) (reviewing former appellate rule 52(a)).  Actions or statements of a trial court have
been held to constitute an implicit ruling when they Aunquestionably indicated@ a ruling under similar circumstances
to this case.  See Montanez v. State,
195 S.W.3d 101, 104 (Tex. Crim. App. 2006) (holding trial court Aimplicitly@ ruled on motion to suppress under
rule 33.1(a) where record revealed trial court took motion to suppress under
advisement, docket sheet stated Aappeal preserved as to issues presented,@ and notice of appeal contained trial
court=s certification of defendant=s right to appeal on matters Araised by motion and ruled on prior
to trial@); see also Flores v. State, 888
S.W.2d 193, 196 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (holding signed docket entry
evidenced trial court=s ruling on motion to suppress and
was sufficient to preserve error).








In this case, the trial court
certified that this is a plea bargain case but that Appellant has a right to
appeal because Amatters were raised by written motion
filed and ruled on before trial and not withdrawn or waived.@[5] 
Further, the clerk=s record includes both Appellant=s motion to suppress and his brief in
support of the motion to suppress, and we have been provided a reporter=s record from a February 7, 2008
hearing on Appellant=s motion to suppress, at the
conclusion of which the trial judge took the motion under advisement.  The trial court=s docket sheet entry, initialed by the trial judge, states
that the motion to suppress was denied on February 20, 2008.

The ruling clearly appears from the
record; thus, Appellant sufficiently preserved error as to the denial of his
motion to suppress.  Tex. R. App. P.
33.1(a); Montanez, 195 S.W.3d at 104. 
We decline to adopt the concurring opinion=s suggestion that entry of a written order signed by the
trial court, which  is necessary to
invoke our jurisdiction for an appeal by the State, is also necessary to
preserve a defendant=s complaint that the trial court
erred in denying a motion to suppress.  See
Bracken, 282 S.W.3d at 101; Cox, 235 S.W.3d at 285.

                                                  V.  Conclusion

Having overruled Appellant=s sole point, we affirm the trial
court=s judgment. 

 

ANNE
GARDNER

JUSTICE

 

PANEL: LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.








DAUPHINOT, J. filed
a concurring opinion.

 

PUBLISH

 

DELIVERED:  May 6, 2010

 


 
 
  
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-334-CR

 

 

JAMES
DAHLEM II                                                                             APPELLANT

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM THE 367TH
DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                        CONCURRING OPINION

 

                                                       ------------








In State v. Cox, a majority of
this court held an oral ruling on the record detailing findings of fact and
conclusions of law and a docket entry signed by the trial judge and granting a
motion to suppress insufficient to trigger a State=s appeal under article 44.01 of the
code of criminal procedure and dismissed the appeal.[6]  To remain consistent, we should hold here
that the docket entry initialed by the trial judge and denying a motion to
suppress, with no oral ruling on the record and no findings of fact or
conclusions of law, is likewise insufficient to preserve Appellant=s complaint.

Because the majority instead resolves
the appeal on its merits, I respectfully concur.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:  May 6, 2010

 











[1]See Tex.
Health & Safety Code Ann. ' 481.115(a), (c) (Vernon 2003); id. '481.102(3)(D)
(Vernon 2003).





[2]Section 31.064 of the parks and wildlife code
states:  AA vessel or motorboat when not at dock must have and
exhibit at least one bright light, lantern, or flashlight from sunset to
sunrise in all weather.@  Tex. Parks
& Wild. Code Ann. ' 31.064 (Vernon 2002).





[3]Appellant does not contest that the wardens were
authorized to detain his boat to conduct this water safety inspection.





[4]Both parties analogize the search of Appellant=s boat
to an automobile.  We agree with the
analogy and apply the automobile exception to this case.  See generally Carroll v. United States,
267 U. S. 132, 153, 45 S. Ct. 280, 285 (1925) (listing search of Aa ship, motor
boat, wagon, or automobile for contraband goods@ in one
category and search of a Astore, dwelling house, or other structure@ in a
different category (emphasis added)); see also United States v. Weinrich,
586 F.2d 481, 492B93 (5th Cir. 1978) (applying automobile exception to
boat search).





[5]The trial court=s certification is on a form used by Denton County to
certify a particular defendant=s right to appeal. 
On the form, it appears that the trial court initially indicated that
Appellant had no right to appeal but struck through that indication and
then circled and put an Ax@ near the limited right to appeal quoted above.





[6]State v. Cox,
235 S.W.3d 283, 283, 285 (Tex. App.CFort Worth 2007, no pet.) (en banc majority op.).















 [CB1]

Majority opinion by Justice Gardner; Justice Dauphinot
concurrs